UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KIM S. MORRIS,

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondents.

Civ. No. 13-0241 (SRC)

OPINION

**APPEARANCES**:

    KIM S. MORRIS, #62487-050
    FCI Danbury
    33 ½ Pembroke Road
    Danbury, CT  06811
    Movant Pro Se

    THOMAS J. EICHER, Assistant U.S. Attorney
    U.S. ATTORNEY FOR DISTRICT OF NEW JERSEY
    420 E. State Street
    Trenton, New Jersey  08608-1507
    Attorney for Respondent

**CHESLER, District Judge**:

On January 9, 2013, Kim S. Morris, a federal prisoner incarcerated at FCI Danbury in Connecticut, filed a motion to vacate this Court's judgment entered on January 25, 2012, in United States v. Morris, Crim. No. 11-0610 (SRC) judgment (D.N.J. Jan. 23, 2012). Morris asserts that her attorney was constitutionally ineffective during plea negotiations. Although this Court did not order the United States to answer or respond to the § 2255 motion, on July 16, 2013, the United States filed a Memorandum of Law in Support of the Motion of the United States to Dismiss

Petitioner's Motion under 28 U.S.C. § 2255.[1] (Mem. of Law, ECF No. 6.) For the reasons set forth below, this Court will deny the § 2255 motion and deny a certificate of appealability. Respondent's motion to dismiss will be granted.

## I. BACKGROUND

On September 15, 2011, Morris pled guilty to bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and structuring transactions to evade reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(3), 5325(a)(2) and 18 U.S.C. § 2. *See United States v. Morris*, Crim. No. 11-0610 (SRC) plea agreement at ECF 18 (D.N.J. Sept. 15, 2011). On January 23, 2012, this Court imposed an aggregate 33-month term of imprisonment and three years of supervised release. Morris did not appeal.

On January 9, 2013, Morris filed the § 2255 motion presently before this Court. The motion raises one ground for relief: Ineffective Assistance of Counsel. (Motion, ECF No. 1 at 4.) She asserts the following supporting facts:

> Counsel was not present during several proffer meetings, as requested. Could not reach her except a few minutes before sentencing. At the deadline to submit my signed plea agreement, she was unreachable, and not returning calls, and I was unsure if she had submitted anything in my behalf. I took it upon myself to fax the plea agreement to the AUSA, after numerous emails also that were not answered, in order to make the deadline.

(Motion, ECF No. 1 at 4.) Morris asks this Court to grant "[a]n adjusted sentence, to reflect home confinement beginning April 2013, instead of April 2014." (ECF No. 1 at 9.)

Morris filed a memorandum of law with her Motion. In the memorandum, Morris concedes that this Court "consider[ed] all 3553(a) factors" and that she "was sentenced fairly and reasonably by the Court, and that is not the issue today being raised." (Mem., ECF No. 1-1 at 1.)

---

[1] *See* 28 U.S.C. § 2255 Rule 5(a) ("The respondent is not required to answer the motion unless a judge so orders.")

Relying on *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), she argues that "lack of attorney's due diligence during the proffer and plea negotiation sessions warrants a departure to corre[c]t the taint." *Id.*, ECF No. 1-1 at 2. She maintains that "[t]here was a deadline to submit the plea agreement, and the attorney was unreachable and not returning calls . . . and the attorney was not available for all of [the proffer sessions] as requested." *Id.* Finally, she insists that she "is not requesting that the sentence be vacated, just adjusted to compensate [for] the Sixth Amendment violation under *Lafler-Frye*." (*Id.*, ECF No. 1-1 at 3-4.)

By Order entered January 22, 2013, this Court advised Morris of her rights under *United States v. Miller*, 197 F. 3d 644 (3d Cir. 1999). (Order, ECF No. 2.) By letter dated January 27, 2013, Morris asked this Court to consider her motion as presented. (Letter, ECF No. 3.) Although this Court did not order the government to respond to the motion, on July 16, 2013, the United States filed a Memorandum of Law in Support of the Motion to Dismiss Petitioner's Motion under 28 U.S.C. § 2255, arguing that the motion should be denied because Morris knowingly waived her right to file a § 2255 motion and because she failed to assert facts showing that defense counsel was constitutionally ineffective. (Mem., ECF No. 6.)

## II. DISCUSSION

A. <u>Ineffective Assistance of Counsel</u>

Morris maintains that her attorney was constitutionally ineffective during plea negotiations because "[c]ounsel was not present during several proffer meetings, as requested," Morris "[c]ould not reach her [attorney,] except a few minutes before sentencing," and counsel did not "return[] calls." (Motion, ECF No. 1 at 4.) The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is

3

the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (citations omitted).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that *Strickland v. Washington* applied to challenges based on ineffective assistance of counsel where the defendant pled guilty. *Id.*, 474 U.S. at 58. "Where, as here, a defendant is represented by counsel during the plea process . . , the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To satisfy the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In that case, the Supreme Court explained that Hill's allegations were insufficient to satisfy the prejudice requirement because Hill

> did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial . . . . Indeed, petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.

4

*Hill*, 474 U.S. at 60.

Morris points to *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), in support of her motion. In *Lafler*, the Court affirmed an order granting a writ of habeas corpus under § 2254 to Anthony Cooper on his Sixth Amendment claim that he rejected a plea offer with a recommended sentence of 51 to 85 months. In that case, Cooper took the plea on the basis of deficient advice of counsel and, after a full and fair trial, he was found guilty and received a sentence harsher than that offered in the rejected plea bargain, *i.e.*, a mandatory minimum sentence of 185 to 360 months in prison. The state conceded that counsel's advice -- that the prosecution would be unable to establish intent to murder because the victim had been shot below the waist -- was constitutionally deficient performance. The Supreme Court ruled that the Sixth Circuit had properly found that the state court's decision was contrary to the following clearly established test for prejudice under *Strickland* and *Hill* in the context of a rejected plea bargain:

> Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S.Ct. at 1385.

In *Missouri v. Frye*, 132 S.Ct. 1399, the Missouri appellate court ruled that defense counsel's failure to communicate a plea offer was deficient performance under *Strickland*, and that this deficient performance caused prejudice because Frye pleaded guilty to a felony with a maximum sentence of four years, instead of the one year maximum sentence for a misdemeanor

5

offered in the plea that counsel did not communicate to him. The Supreme Court agreed that defense counsel was constitutionally deficient in failing "to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye* at 1408. The Court held that "[i]n order to complete a showing of *Strickland* prejudice, defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at 1410.

In this case, Morris does not assert that she would have declined the plea agreement and would have insisted on going to trial, but for counsel's deficient performance in missing several proffer meetings and failing to return phone calls. Morris concedes that she "was sentenced fairly and reasonably by the Court, and that is not the issue today being raised." (Motion, ECF No. 1-1 at 1.) Morris does not want to vacate her plea and stand trial on the original charges; she wants "[a]n adjusted sentence, to reflect home confinement beginning April 2013, instead of April 2014." (Motion, ECF No. 1 at 9.) Because Morris does not assert that she would have insisted on going to trial but for counsel's allegedly deficient performance, she has failed to assert prejudice under the standard articulated by *Hill* and *Strickland*.[2] *See Premo v. Moore*, 131 S.Ct. 733, 744 (2011) ("Thus, the question in the present case is not whether Moore was sure beyond a reasonable doubt that he would still be convicted if the extra confession were suppressed. It is whether Moore established the reasonable probability that he would not have entered his plea but

---

[2] To the extent that Morris contends that counsel was constitutionally ineffective in failing to move for a downward departure based on the health of her mother and daughter, this claim is barred by the plea agreement. *See* Plea Agreement, Crim. No. 11-0610 (SRC), ECF No. 18, p. 9 ("The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.")

6

for his counsel's deficiency.") This Court denies the § 2255 motion without an evidentiary hearing,[3] as the Motion and records in the underlying criminal case show conclusively that Morris is not entitled to relief on her ineffective assistance of counsel claims.[4]

B. <u>Certificate of Appealability</u>

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the one ground raised in the motion is correct.

---

[3] This Court need not reach Respondent's waiver argument because it concludes that Morris is not entitled to relief on the merits.

[4] *Compare Cedeno v. United States*, 455 Fed. App'x 241, 245-246 (3d Cir. 2011) ("Cedeno has not established a reasonable probability that, had he known that the conspiracy charge was susceptible to a double jeopardy challenge, he would not have pleaded guilty to one of the three remaining charges and would have insisted on going to trial. Consequently, the errors made by defense counsel, if any, were not prejudicial"); *United States v. Peppers*, 273 Fed. App'x 155, 159 (3d Cir. 2008) (counsel was not constitutionally ineffective in plea process where Peppers "has made no contention that he would not have entered his plea and would have insisted on going to trial if his counsel had advised him that the [Armed Career Criminals Act] arguably may not have applied"); *Powell v. Meyers*, 214 Fed. App'x 197, 200 (3d Cir. 2007) (denying § 2254 petitioner's claim that plea counsel was constitutionally ineffective in failing to advise him that his back-time sentence could not be served concurrently with his instant sentence for failure to establish prejudice where petitioner does not assert that he would have insisted on going to trial had he known that it was legally impossible for his back-time sentence to be served concurrently); *United States v. Kauffman*, 109 F. 3d 186, 191 (3d Cir. 1997) (holding that defendant alleging ineffective assistance in guilty plea context needs to present evidence "sufficient to undermine our confidence that [the attorney] would have advised his client to plead guilty rather than proceed to trial and that [the defendant] would have accepted that advice") *with Jamison v. Klem*, 544 F. 3d 266 (3d Cir. 2008) (concluding that state court decision rejecting Jamison's challenge to validity of his guilty plea based on counsel's failure to advise him that his guilty plea subjected him to a five-year mandatory minimum sentence was an unreasonable application of *Boykin v. Alabama*, 395 U.S. 238 (1969), which requires that an accused be aware of the direct consequences of a guilty plea, where Jamison testified that he would not have entered a guilty plea if he had known that he would have to serve at least five years in prison).

7

## III. CONCLUSION

Based on the foregoing, the Court denies the § 2255 motion and denies a certificate of appealability. Respondent's motion to dismiss is granted.

                                                                     STANLEY R. CHESLER, U.S.D.J.

DATED: August 5, 2013